at A.L. 517-0365. Council ready? Proceed? You may proceed. May it please the court, counsel. My name is Lanny Darr and I represent the appellant, Lawrence Butler. I think this is a fairly narrow issue so I'll try and keep my comments brief. But as the court's aware, this is a situation where we filed a suit within the statute of limitations. After the statute of limitations expired, we filed an amended pleading which changed the location or the address of the defendant's store where the accident occurred. And the issue in the court, of course, found that that amended pleading after the statute did not relate back to the original filing based on Zay v. Wheeler. And the issue today, as I said, is a narrow one, but I think it can be boiled down to whether or not an amended complaint that changes the location of the accident can ever relate back to the original filing. In other words, is there a right-line rule in Illinois that says changing the location of an accident will never allow the amended complaint to relate back under section 616 of the civil code? Because if there are circumstances in which it can relate back, then the lower court's order was in error because it did not have, all it took into account was the fact that the amended pleading was after the statute of limitations. And based upon its interpretation of Zay, it found that that in itself prevented it from relating back because there was a right-line rule in Illinois. And I think if we read Zay closely, we realize that it's not a right-line rule, that there are circumstances that must be taken into account to determine whether an amended complaint can relate back when it changes the location. How is the, how do you maintain the defendant was put on notice that had the wrong location? I mean, I know they own multiple stores, but exactly what are you relying upon? Well, I don't mean to dodge your question, but there was a motion found earlier for us to supplement the record, which would have answered that question because it added a recorded statement and a site visit and things along those lines, but was denied in the appellate court because it was not part of the record in the trial court. However, when faced with a 619 motion, the court must be convinced that there are no set of facts that can be established, which would allow a plaintiff to prevail, or in this situation, there would have been no set of facts in which would have allowed that to relate back. In our pleadings in the trial court and in our argument, we allege that, hey, there was, you know, they never alleged lack of prejudice. They never alleged lack of notice in their pleadings, and it's their burden to prove that under no circumstances that they were prejudiced in some way by this late notice, this late filing. Because that's what the cases kind of look at, which is, if you look at after Zay and Porter v. Decatur Memorial Hospital, that was a case in which it was a relation back case that the Supreme Court looked at after Zay, and in that case, after the statute expired, they tried to allege that another doctor employed by the hospital committed a malpractice, which was a new allegation before that, and the court said, no, that didn't lay back, it did not prevent the statute from running, and it said that the court alone should consider the entire record and determine whether the defendant had notice of the occurrence, and in that Porter case, they cited a U.S. Supreme Court case of Tiller v. Atlantic Coastline Railroad, where it says, there is no reason to apply a statute of limitations when it is here that the defendant has notice from the beginning that the petitioner was trying to enforce a claim against them because of events in its yard. So, the Illinois Supreme Court and the U.S. Supreme Court has said, and even Zay says this, when you read Zay, that you can look outside the mere pleadings to see whether or not there was notice to the defendant, and you can look outside the pleadings to determine whether or not there was actual prejudice to the defendant. And in this case, the court did not close down that possibility when it ruled on the motion, because it did not require either the defendant to prove or establish that they were prejudiced by this amendment, or that they had no notice that Flint was pleading was an error. Because if they knew that the plaintiff's pleadings were an error, then they can't complain. And I think that that was an inquiry that the court was required to make before it could rule upon the 619 motion. It was required to determine what the defendants knew, and when they knew it, and how did they know it. If after that inquiry, they determined that there was no actual knowledge, there was prejudice, then we have a different case than we have here. But in this case, they did not foreclose that possibility, and therefore it was error to grant the motion in accordance with 619. And in fact, Zaid, which was the Supreme Court authority that the court relied upon, and in their motion to reconsider, or motion to vacate, stated that they found it to be dispositive of the facts. Zaid says, since there is no contention that the defendant had any notice of the occurrence on which the claim is based outside the pleadings, we need not decide to what extent such notice may be considered in determining whether an amendment relates back to the provisions of our code. So what the Zaid court is saying is, there is no bright line rule in Illinois. There is no situation where you can just look at the date of the injury, when the statute ran, and the fact that they're changing the location to decide that it doesn't relate back under section 616. The Zaid court and the foreign court all say, no, there needs to be a further inquiry into these situations to find out if notice existed, and how they acquired it. Had the court made that allegation and made one of the factors in its opinion as to whether or not there was prejudice and whether there was knowledge, it could not have entered the order that it did, which was dismissing the plaintiff's complaint. So we would just ask that you reverse the circuit court and send it back for them to, at a minimum, inquire as to its nullness and prejudice. And if no one has questions, I'll sit down. Thank you. Thank you. May it please the court. Counselors, my name is Mitch Gilfillan, and I represent Schmidt Markets in this case. We believe this case is straightforward, and the facts are quite simple. And it really comes down to two words, timing and location. I will first address the timing in this case, and I think the facts are undisputed by all the parties that the original complaint was timely filed. The first and second amended complaints were also timely filed, and in essence, they named the exact same location where the plaintiff allegedly fell in this case. However, this is where the problem lies. The third amended complaint filed two years and ten months after the accident at issue for the first time addressed an entirely new location in an entirely new jurisdiction. As I said, the parties agree regarding the procedural history, but we certainly disagree regarding whether or not the plaintiff's complaint should move forward. It remains our position that the third amended complaint changed the location and thus completely altered the direction of this case. Counsel mentioned multiple times the Zay decision, which the circuit court relied upon in this case. And Zay was a 1986 Illinois Supreme Court case, which is still good law. Importantly, the Zay decision came down to the following statement. They stated that the location of the accident is a material element of a slip-and-fall case, and to change the location is to change the occurrence. In Zay, the facts there show that the slip-and-fall occurred approximately two blocks from where the initial allegation was alleged. Here, it's 10, 15 miles apart in an entirely different county. The untimely filed amended complaint, in our case, changed the location and thus cannot be saved by the relation-backed doctrine under 616B. We believe the trial court correctly relied upon Zay in this case. Importantly, counsel wants to rely on Porter Medicare Memorial Hospital, which revolved around a medical malpractice case, and they addressed a new test, specifically named the sufficiently close relationship test, to allege if an incident can be relayed back when an amended complaint is ultimately filed. But that case focuses on an occurrence closely connected in two things, both time and location. Here, the facts are entirely different, and we believe the trial court properly ruled upon that. Plaintiff's reliance on notice in this case is wholly misplaced. Plaintiff wants to claim that Schmidt Marcus, at the proper location in Belleville, should have been on notice of the claim regarding an incident that was alleged and filed in a completely different location. I think that logic is flawed for multiple reasons. One, what plaintiff and appellate wants to rely on is for all Schmidt Marcus across the state of Illinois to be on notice when a slip and fall happens at a location at a specific store. That logic and that idea and that notice requirement is simply impossible. So for a claim to happen in East St. Louis and to have a case filed in East St. Louis, why on earth would Schmidt Marcus in Belleville or Champaign or Rockford, for that matter, also must be put on notice? It was plaintiff's burden in this case to not only file it correctly but establish where the incident occurred, and they failed to do that. We don't dispute that the original complaint was timely filed. We dispute that the third amended complaint, which completely changed and altered the location, does not relate back. And I understand that argument. It was St. Clair County, was it not? St. Clair County stores? It is correct, Your Honor. I apologize. St. Clair County. I meant to clarify that with different cities, locations. I apologize. Both St. Clair County from East St. Louis to Belleville County. Correct. And I still believe that my position and argument still holds true regarding other Schmidt Marcus, even in St. Clair County or Madison County, for that matter. No defendant should be obligated to go ahead and inquire every parcel of real estate that they possibly own to see, do we need to defend this lawsuit in each separate city or in each separate county? The position by counsel is that he would be highly prejudiced in this case if his complaint was ultimately dismissed by this court and affirmed by this court. We believe that is, at this point, not our responsibility. He had a two-year limit to file his complaint, to name the proper location, and he failed to do that. I'm going to let counsel address the motion to vacate and the motion to reconsider, and if the court has no further questions, I will rest. Thank you. May it please the court, counsel. My name is Mark Oslin, and I represent the defendant, Hanks, excavating in this case. Before I turn to the issue of the motion to reconsider, I would like to address the plaintiff's prejudice argument that he has made in his opening argument. This exact same argument was made in a First District case, Digby v. Chicago Park District, which we have cited in our brief. In which the plaintiff claimed that the defendant had notice of the location of the accident and he cited statements made by two co-workers in support of his position. But the court, the appellate court in Digby held that the statements were not admitted in the trial court. They were not part of the record. They were not considered by the trial court. They couldn't be considered by the appellate court. And so the dismissal based on the statute of limitations was affirmed in that case based on the change of location of the accident. In this case, the plaintiff had an opportunity to introduce evidence in the circuit court that would provide proof that the defendants had notice of the location of the accident. Under Rule 2-619, he has the burden of doing so. According to Epstein v. Chicago Board of Education, which stands for the proposition that once the defendant satisfies initial burden of going forward under a 2-619 motion to dismiss, the burden then shifts to the plaintiff who must establish by evidence or affidavits the evidence that he wants to try to establish to defeat the motion. He had the opportunity to do so and he didn't. And his attempt to supplement the record on appeal was properly denied. The plaintiff then filed a motion to reconsider. And in this court, on his appeal, he has also appealed the denial of the motion to reconsider, but he has devoted no time or effort in his brief to discuss that issue or the ruling that the circuit court made. I believe that under the cases cited in our brief, the Vantage case, that the issue has been waived. But even setting aside the waiver argument, the issue is judged from the standpoint of an abuse of discretion standard. The motion to reconsider is very limited. The plaintiff has to establish that the circuit court, or that he could have changed the outcome by introducing evidence that was not available at the initial hearing, that there has been a change in the law or a misapplication of existing law. The plaintiff in his motion to reconsider in the circuit court went solely towards the misapplication of existing law, citing Owens versus VHS acquisitions, another medical malpractice case. And quite frankly, Your Honors, I don't believe that medical malpractice cases have any application to a slip-and-fall case and should not be considered controlling because medical malpractice involves rendition of services to the plaintiff. They are not generally considered with the condition of the property, which may or may not have caused an accident. The Owens case involved adding a new party to the case after the statute of limitations expired. Owens dealt with 2-616D rather than 2-616B, which governs this case. So it has no application, and the circuit court was proper in denying the motion to reconsider under an abuse of discretion standard. I believe the case is pretty straightforward here, and we would ask that this court affirm the circuit court in all respects. And if there are any questions at all, that would conclude my argument. I thank you for the opportunity. Thank you, counsel. Counsel, Roberto? Yes, Your Honor. A couple things. The motion to reconsider is the exact same issue as the dismissal order. It was just once again bringing forward the fact that the court did not consider that the defendant under 619 motion has the obligation to prove the lack of prejudice, and which they did not prove. Once again, in this case, they're claiming that the statute of limitations was violated by changing the thing. A statute of limitations is an affirmative defense which can be waived, but it is always incumbent upon the defendant raising the statute of limitations to prove its application. And in this case, they didn't prove its application because they failed to prove that they didn't have notice and that they weren't prejudiced. And counsel for Schnooks said that a rule should not be created where they would need to know what happened at every store throughout the Schnooks chain of stores. And that's not what we're arguing for today. But what we're arguing for today is to say, what did they know? This isn't about what they could have known or what they should have known. This is just about what they did know. And that's what we were trying to convey at the trial court level, which was, Judge, they need to be able to stand somebody up here to say, we didn't know of this slip and fall, and that they were mistaken in their pleading. When we did the pleadings in the past, we were bringing in parties and bringing out parties and things along those lines. We weren't changing the substantive allegations. But because of their actual knowledge, unless they could prove that they had actual knowledge or that they failed to have actual knowledge, then they knew of this fall and they knew of the mistake by plaintiff's counsel, and they can't escape under a statute of limitations defense based upon an oversight like that, when they're not prejudiced and when they have actual knowledge. So once again, all we're asking today is this court take the holdings of Zay and the holding of Porter and articulate that there's just not a right line rule. It's not just look at the statute of limitations and whether or not they're changing the location. There needs to be a further inquiry at the trial court level, and that's what we're asking the court to do is to send it back and for them to find out what did they actually know. And once they establish that, the court can make its ruling. All right. Thank you, counsel, for your arguments. The court will take this under advisement and render a decision in due course.